

**U.S. Department of Justice**

***Rachael S. Rollins***
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 18, 2022

Julie-Ann Olson, Esq.
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

      Re:    <u>United States v. David Cerasuolo</u>
              Criminal No. 20-10227-PBS

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, David Cerasuolo ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant will plead guilty to Counts Two and Three of the indictment in the above-referenced case (the "Indictment"), charging attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470, and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.[1]

The U.S. Attorney agrees to dismiss Count One of the Indictment, charging attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), following the imposition of sentence at the sentencing hearing in this matter.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties on Count Two of the Indictment

---

[1] The parties acknowledge that, due to a scrivener's error, Count Three of the Indictment includes an incorrect date – June 29, 2020. The parties agree that the correct and operative date for Count Three in the Indictment and throughout this plea agreement, as well as with respect to Defendant's prospective Change of Plea in this case is July 29, 2020. Defendant waives any and all claims relating to the date included in Count Three of the Indictment.

(attempted transfer of obscene material to a minor): incarceration for ten years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the indictment. Defendant faces the following maximum penalties on Count Three of the Indictment (possession of child pornography): incarceration for twenty years; up to a lifetime of supervised release; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the indictment.

Defendant understands and acknowledges that as a consequence of Defendant's conviction for the crime to which Defendant is pleading guilty, Defendant will be required to register as a sex offender, and to keep that registration current, in the place where Defendant resides, where Defendant is employed, and where Defendant is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of Defendant's residence. Failure to do so may violate the terms of Defendant's supervised release and subject Defendant to new criminal charges pursuant to 18 U.S.C. § 2250.

3.      Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.      Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 19:

*Count Two (Attempted Transfer of Obscene Material to a Minor)*

      a)   In accordance with USSG § 2G3.1(a), the base offense level is 10 because the offense relates to the transfer of obscene matter to a minor.

      b)   In accordance with USSG § 2G3.1(b)(1)(E), Defendant's offense level is increased by 7 because Defendant's conduct was intended to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct; and

      c)   In accordance with USSG § 2G3.1(b)(3), Defendant's offense level is increased by 2 because Defendant's conduct involved the use of a computer or an interactive computer service.

*Count Three (Possession of Child Pornography)*

    a)  In accordance with USSG § 2G2.2(a)(1), Defendant's base offense level is 18 because Defendant is pleading guilty to a violation of 18 U.S.C. § 2252A(a)(5);

    b)  In accordance with USSG § 2G2.2(b)(2), Defendant's offense level is increased by 2 because the material possessed by Defendant involved a prepubescent minor and/or a minor who had not attained the age of 12 years; and

    c)  In accordance with USSG § 2G2.2(b)(6), Defendant's offense level is increased by 2 because Defendant's conduct involved the use of a computer.

In accordance with USSG § 3D1.2, the counts shall be grouped together into a single Group. Pursuant to USSG § 3D1.3(a), the offense guideline that produces the highest offense level shall be applied. Here, that offense guideline is USSG § 2G2.2.

In accordance with USSG § 3E1.1, Defendant's offense level is decreased by 3 because Defendant has accepted responsibility for Defendant's crimes.

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.    Agreed Disposition

The parties agree on the following sentence:

    a)  Incarceration for ninety-six (96) months;

    b)  Sixty (60) months of supervised release;

    c)  a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    d)  A special assessment up to $17,000, pursuant to 18 U.S.C. § 2259A, unless the

Court finds that Defendant is not able, and is not likely to become able, to pay;

e) A special assessment of $5,000, pursuant to 18 U.S.C. § 3014, unless the Court finds that Defendant is indigent;

f) A mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

g) Mandatory restitution in an amount to be determined at or within 90 days of sentencing; and

h) Forfeiture as set forth in Paragraph 7.

6.   Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence.  Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in Paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later

claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.    Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8.    Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9.    Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10.    Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11.    Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Adam Deitch.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By: _____

ANNE PARUTI
Chief, Major Crimes Unit
MARK GRADY
Deputy Chief, Major Crimes Unit

_____

ADAM W. DEITCH
Assistant U.S. Attorney

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

David Cerasuolo
Defendant

Date: 1/27/22

I certify that David Cerasuolo has read this Agreement and that we have discussed what it means. I believe David Cerasuolo understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Julie-Ann Olson
Julie-Ann Olson
Attorney for Defendant

Date: March 3, 2022

7