UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID CERASUOLO,<br>　　　　　Defendant | Case No. 20-CR-10227-PBS |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant David Cerasuolo entered a plea of guilty on March 4, 2022 to counts 2 and 3 of this three-count indictment, charging the attempted transfer of obscene material to a minor in violation of 18 U.S.C. § 1470, and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and §2252A(b)(2).[1] Mr. Cerasuolo's guilty plea was entered pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(l)(C), and provides for:

1. A sentence of 96 months of imprisonment;

2. Incarceration to be followed by 60 months of supervised release;

3. A mandatory special assessment of $200;

4. A fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Mr. Cerasuolo is not able, and is not likely to become able, to pay a fine;

5. A special assessment up to $17,000, pursuant to 18 U.S.C. § 2259A, unless the Court finds that Mr. Cerasuolo is not able, and is not likely to become able, to pay;

6. A special assessment of $5,000, pursuant to 18 U.S.C. § 3014, unless the Court finds that Mr. Cerasuolo is indigent;

7. Mandatory restitution in an amount to be determined at or within 90 days of sentencing; and

---

[1] Pursuant to the plea agreement, the U.S. Attorney agrees to dismiss Count 1 of the Indictment, charging Attempted Enticement of a Minor in violation of 18 U.S.C. § 2422(b), following imposition of sentence at the sentencing hearing.

8. Forfeiture as set forth in Paragraph 7 of the Plea Agreement.

For the reasons that follow, Mr. Cerasuolo submits that the proposed joint disposition and sentence are consistent with the sentencing considerations within 18 U.S.C. §3553. Accordingly, he requests that the Court impose the proposed sentence.

## GUIDELINES ANALYSIS

The Court must "begin sentencing proceedings by correctly calculating the applicable Guideline range." *Gall v. United States*, 552 U.S. 38, 49 (2007). Mr. Cerasuolo agrees with the U.S Probation Office's guidelines calculation as contained in the Pre-Sentence Investigation Report (the "PSR"). In accordance with USSG § 3Dl.2, the two counts for which Mr. Cerasuolo has pleaded guilty shall be grouped together into a single group. Pursuant to USSG § 3D1.3(a), the offense guideline that produces the highest offense level shall be applied. Here, that offense guideline is USSG § 2G2.2(b)(2), which is an offense level of 20 [PSR ¶¶ 26-34]. Mr. Cerasuolo's combined adjusted offense level after a +2 enhancement is 22 [PSR ¶¶ 35-36]. In accordance with USSG § 3El.1, Mr. Cerasuolo's offense level is decreased by 3 because he has accepted responsibility for his crimes, for a total offense level of 19 [PSR ¶ 40]. Mr. Cerasuolo's criminal history category is I [PSR ¶45]. Therefore, his guideline range is 30-37 months [PSR ¶79].[2]

## MR. CERASUOLO'S BACKGROUND AND CHARACTERISTICS:

As the presentence report details, Mr. Cerasuolo's life – while seemingly ordinary and uneventful by conventional standards – has been marked with challenges. He comes from a high-functioning family of professionals, but struggled to complete his own college education. His 10-year marriage ended in divorce. He lost both of his parents to cancer in 2003 and 2017,

---

[2] As stated above, the U.S. Attorney agrees to dismiss Count 1 of the Indictment following imposition of sentence. Count 1 charged Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) which carries a mandatory minimum penalty of 10 years imprisonment. The defendant reduced his potential exposure to incarceration by entering into the plea agreement [PSR ¶ 80].

2

after lengthy illnesses. He struggled with depression and problematic gambling. In the months leading to David Cerasuolo's arrest, his life was unraveling. His relationship with his partner had chilled, there was friction within the family dynamic in their home, he was unable to continue a new job due to the COVID-19 pandemic, he was plagued by financial issues he concealed from his partner, and his mental health was in decline. *See, Letter of Ellen C. Cerasuolo*. However, those who know and care about Mr. Cerasuolo uniformly describe him as someone who, despite his personal challenges, has always tried hard throughout his life to be caring and kind to his family and his friends. He is fortunate to have family that love and care for him and will support him in the years to follow his sentencing.

      Mr. Cerasuolo has deep regret for his actions in this case. But more importantly, he also has insight. While awaiting trial at the Wyatt Detention Facility, Mr. Cerasuolo sought and actively engaged in therapeutic treatment to address the causes and decisions that led to his offense. Since December 2020 – just over three months after his arrest – he began participation in a therapeutic group within the jail which uses the Good Lives Model, a therapeutic modality which includes group and individual meetings, written homework assignments, and journaling, with a strengths-based rehabilitation framework designed to help participants build lifestyles that are incompatible with offending.[3] Mr. Cerasuolo intends to continue treatment in the Bureau of Prison, if it is available to him. He has found the experience deeply rewarding and helpful in understanding his actions, and in learning how to fashion a life after incarceration that ensures he will never find himself in similar circumstances again.

---

[3] The Good Lives Model (GLM) is a contemporary theory of offender rehabilitation that has the dual foci of promoting offenders' goals and reducing their risk of reoffending. In recent years, it has become increasingly popular with practitioners working with offenders in correctional services. *See*, Mary Barnao, Tony Ward & Peter Robertson (2016) *The Good Lives Model: A New Paradigm for Forensic Mental Health*, Psychiatry, Psychology and Law, 23:2, 288-301. *See generally*, https://www.goodlivesmodel.com/information.shtml, last accessed 26 May 2022.

SENTENCING RECOMMENDATION:

Mr. Cerasuolo submits that the proposed sentence of 96 months imprisonment, to be followed with five years of supervised release, comports with the principles of 18 U.S.C. §3553(a). This recommendation reflects considerable efforts between the parties to fashion an appropriate sentence.

Consistent with the binding plea agreement, a sentence of 96 months in federal prison, followed by a period of supervised release of 5 years (with the special conditions to include substance use, mental health, and sex offender evaluation and treatment, and sex-offender registration as proposed by the Probation Department), appropriately reflects the nature and seriousness of the offenses and of his personal history and characteristics.

Mr. Cerasuolo is indigent.  He has been incarcerated since his arrest on July 29, 2020 without income.  He has no assets, and has pre-existing financial obligations for child support, to the Internal Revenue Service, and to various other creditors [PSR ¶¶ 74-77]. Therefore, he requests that no fine be imposed [PSR ¶87], and no special assessments be imposed pursuant to 18 U.S.C. § 3014 or 18 U.S.C. § 2259A [PSR ¶¶ 88-89] or otherwise, apart from a $200 special assessment pursuant to 18 U.S.C. 18 U.S.C. § 3013.

CONCLUSION:

For the foregoing reasons, Mr. Cerasuolo requests that the Court sentence him in accordance with the plea agreement.

        DAVID CERASUOLO
        By his Attorney,

        */s/ Julie-Ann Olson*
        Julie-Ann Olson, BBO #661464

Assistant Federal Public Defender
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

**CERTIFICATE OF SERVICE**

    Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Julie-Ann Olson*
Julie-Ann Olson

Dated:  May 26, 2022