UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID CERASUOLO,<br><br>Defendant. | Case No. 20-CR-10227-PBS |

### SENTENCING MEMORANDUM

Defendant David Cerasuolo pled guilty to Counts Two and Three of the indictment in this case, specifically, attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470, and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). As part of the plea agreement entered into by the parties, the government has agreed to dismiss Count One of the indictment, attempted enticement of a minor in violation of 18 U.S.C. § 2422(b), following imposition of the sentence at the sentencing hearing in this matter.

Without a doubt, the defendant was charged with, and is guilty of, serious crimes with serious potential impacts on the community and on the children depicted in the child exploitation material sought and possessed by the defendant. While the government concurs with the U.S. Probation Office's calculation of the defendant's sentencing range under the U.S. Sentencing Guidelines, for reasons outlined below and to be articulated at the sentencing hearing, the government respectfully submits that the sentence agreed to by the parties – that is, 96 months of incarceration and five years of supervised release thereafter, is appropriate in this case and for this defendant.

### FACTUAL BACKGROUND

The government relies on and incorporates the facts as set forth in the statement of offense conduct in paragraphs 9 through 13 of the Presentence Investigation Report ("PSR"), as

well as Probation's assessment of offender characteristics in paragraphs 55 through 77 of the PSR.

## DISCUSSION

### I. Sentencing Guidelines Calculation

Based on its computation of the defendant's Total Offense Level as 19 and Criminal History Category as I, Probation has computed a Guidelines sentence in this case to include a term of incarceration of 30 to 37 months and a term of supervised release of five years. The government agrees that Probation's calculations of the defendant's Offense Level and Criminal History Category are accurate, as well as its determination of his Guidelines Sentencing Range ("GSR") as outlined above.

As discussed below, however, the government believes that a comprehensive application of the Section 3553(a) factors, in particular in light of the charge the government has agreed to dismiss – which itself would carry a ten-year mandatory minimum sentence – renders the as-calculated GSR less relevant to the sentencing determination in this case. Indeed, under such an application, the government submits that a sentence of 96 months is entirely fair, reasonable, and appropriate.

### II. Application of the Section 3553(a) Factors

The charges to which the defendant has pled guilty, attempted transfer of obscene material to a child and possession of child pornography, are grave crimes warranting a substantial sentence. With the defendant's additional relevant conduct – specifically, the conduct giving rise to the charge of attempted enticement of a minor – a sentence of 96 months of incarceration is appropriate and satisfies the sentencing objectives of 18 U.S.C. § 3553(a).

First, the baseline charges to which the defendant has pled guilty account for at least a portion of the 96-month sentence. The defendant did take and send a photograph to someone he believed to be a thirteen-year-old child named "Amy" that depicted himself naked from the waist down on a bed, displaying his erect penis. (PSR ¶ 9.) He transmitted this photo in the context of over 1,000 text messages exchanged with this person who, for all intents and purposes from the

defendant's perspective, was a child and in which he repeatedly discussed engaging in sexual activity with her. (PSR ¶¶ 9, 13.) The defendant also was found in possession of images constituting child pornography, including one that depicted a female approximately between the ages of six and ten, nude with the exception of a bathing suit top, laying on her back with her hands holding an erect adult male's penis close to her genital area. (PSR ¶ 10.) These counts of the indictment – Counts Two and Three – on their own generate a Guidelines sentence of 30-37 months after acceptance of responsibility. And from the government's perspective, this would have been a fair and reasonable sentence had the defendant *not* engaged in the additional conduct that gave rise to the charge of attempted enticement of a child.

     More specifically, the defendant engineered nearly six weeks of text messaging conversations that were designed to entice the thirteen-year-old girl into engaging in real, in-person sexual activity with him. (PSR ¶¶ 9, 12-13.) He actively participated on a near-daily basis in this text message conversation, while simultaneously making arrangements with someone he perceived to be the child's father to facilitate in-person sexual activity. (*Id*.) Indeed, the genesis of these interactions tracked back to the defendant's participation in online chat groups with other adults who purported to share an interest in sexual activity and/or sexual fantasies about their own children. (PSR ¶ 12.) In at least one of these conversations, the defendant talked specifically about his own daughter, who at the time was fourteen years old. (*Id*.)

     Additional evidence of the defendant's attempted enticement of a minor includes statements to "Amy" stating that if they were to meet in person, he would want to engage in sexual activity with her. (PSR ¶ 13.) He also attempted to persuade "Amy" to take and send one or more explicit images and/or videos to him. (PSR ¶ 13.) But for the fact that "Amy" turned out to be an undercover federal law enforcement officer, the defendant would have completed the crime of transfer of obscene material to a(n actual) minor; may have successfully coerced a child into engaging in sexual activity with him; and/or engaged in even more egregious conduct (if such a thing is imaginable).

In short, a significant sentence is necessary in this case to reflect the gravity of the defendant's crimes and conduct. As the Sentencing Commission found in its 2012 report to Congress, "all child pornography offenses are extremely serious because they both perpetuate harm to victims and normalize and validate the sexual exploitation of children."[1] Here, the defendant located and obtained files constituting child pornography and was engaging in online communications with others about exploiting actual children. But when it comes to the exploitation of children, the defendant went much further, by actively attempting to get someone he perceived to be a thirteen-year-old child to meet him in person for the purpose of engaging in sexual activity. The defendant either could not control his behavior or was not deterred by the prospect of the punishment and corollary consequences he would face if caught. And the defendant's lack of direct contact with actual child victims should not minimize the seriousness of his offenses: the defendant's conduct and the conduct of others similarly situated actively contributes to the ongoing (and likely lifelong) persecution and suffering of real victims of child exploitation around the world.

The government recognizes that it is always difficult to quantify in years or months "how much" is "enough" to sufficiently punish a defendant, deter similar criminal conduct, and protect the public. The sentence agreed upon by the parties here is unquestionably significant. Given the facts and circumstances of this case, and the history, characteristics, and conduct of the defendant, a 96-month sentence is both reasonable and necessary to promote respect for the law, to adequately punish the defendant for his criminal conduct, to deter him and others from offending in the same ways again, and to protect the public in the long run.

### III. Restitution and Special Assessment

No restitution requests have been made in this case, and the government does not request a special assessment pursuant to 18 U.S.C. § 2259A.

---

[1] Available at: https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornographyoffenses/Chapter_12.pdf

## CONCLUSION

Taking into account the seriousness of the conduct itself, and also the defendant's prompt and seemingly genuine acceptance of responsibility, the sentence to which the parties have agreed is reasonable and warranted in this case. Specifically, the government submits that a sentence of 96 months of incarceration, along with five years of supervised release, is reasonable and just and appropriately satisfies the sentencing objectives of 18 U.S.C. § 3553(a). Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

Date:  June 1, 2022     By:     /s/ *Adam W. Deitch*
                                Adam W. Deitch
                                Assistant United States Attorney
                                United States Attorney's Office
                                One Courthouse Way
                                Boston, MA 02210
                                617-748-3123

## **CERTIFICATE OF SERVICE**

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                 */s/ Adam W. Deitch*
                                                 Adam W. Deitch
                                                 Assistant United States Attorney

Dated:  June 1, 2022